The judgment of the court below is affirmed for the full amount of the award made to the claimants, and an additional amount of $23,842.82 is allowed for the labor done and material furnished by the claimants in constructing coffer-dams, being an additional allowance on account of item 1 in their petition. The disallowance by the court of item 2 of the petition, claiming for loss and damage from the reduction by the United States of piers and abutments, is reversed, and $4,574.80 is allowed therefor.
The Supreme Court held that the claimants could not be deprived of reasonable compensation for their work because they did not produce evidence of the character' referred to, when it •did not appear that such evidence existed, if the evidence they produced was the best evidence accessible to them, and it en■abled the court to arrive at a proper conclusion.
On evidence thus rejected by the Court of Claims, the Supreme Court awarded to the claimants, for the above-named work, $40,093.77.'
The Court of Claims haviug awmrded nothing to the claimants *531 for loss and damage from tlie reduction by the United Stator, of the dimensions of piers and abutments, made subsequently to the making of the contract for doing the mason work thereof, on the view that it had before made an allowance for such loss and dainagé, the Supreme Court, being of a different opinion, allowed $-1,574.80 therefor.
Under section 1091 of the Revised Statutes, and the ruling in Tilson v. United States (100 U. S. R., 43), interest cannot be allowed on the recovery, and there is nothing in the special act of August 14, 1876 (ch. 279, 19 Stat., 490), which authorizes the allowance of interest.
Mr. Justice Blatcheobd delivered the opinion of tne ¿supreme Court, February 2, 1885.